IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVID MOORE,<br>on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>STELLAR RECOVERY, INC.,<br><br>Defendant. | )<br>)<br>)  13-CV-2294<br>)<br>)  Judge Virginia M. Kendall<br>)  Mag. Judge Sidney I. Schenkier<br>)<br>)<br>)<br>) |

**FIRST AMENDED COMPLAINT – CLASS ACTION**

**INTRODUCTION**

1. Plaintiff David Moore brings this action to secure redress from unlawful credit and collection practices engaged in by defendant Stellar Recovery, Inc. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

2. The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, and 1692f.

**VENUE AND JURISDICTION**

3. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA) and 28 U.S.C. §§1331 and 1337.

4. Venue and personal jurisdiction in this District are proper because:

   a. Defendant's collection communications were received by plaintiff within this District;

   b. Defendant does or transacts business within this District.

**PARTIES**

5. Plaintiff David Moore is an individual who resides in the Northern District of Illinois.

6. Defendant Stellar Recovery, Inc. is a corporation chartered under Florida law with offices located at 1327 Highway 2 West, Suite 100, Kalispell, MT 59901-3413, and 4500 Salisbury Road, Suite 105, Jacksonville, FL 32246. It does business in Illinois. Its registered agent and office is Business Filings Incorporated, 600 S. Second Street, Suite 103, Springfield, IL 62704.

7. Stellar Recovery, Inc. is engaged in the business of collecting delinquent consumer debts originally owed to others, using the mails and telephone system for that purpose.

8. Stellar Recovery, Inc., states on its web site that it both purchases delinquent consumer debts and acts as a collection agency for others: "Stellar Recovery, Inc. acquires and provides recovery services for charged off consumer and commercial debt. We purchase directly from major issuers and creditors including national financial institutions and telecommunication companies. [P] In addition, Stellar Recovery provides third party recovery services to debt purchasers and creditors. Our markets include communications, consumer loans, credit card, payday loans, repossessions, retail, and utilities." (http://www.stellarrecoveryinc.com/)

9. Stellar Recovery, Inc. is a debt collector under the FDCPA.

**FACTS**

10. Defendant has been attempting to collect from plaintiff an alleged cell phone debt incurred for personal, family or household purposes and not for business purposes.

11. Plaintiff, consistent with the recommendations of the Federal Trade Commission and other government agencies, periodically monitors his credit reports.

12. In April 2012, plaintiff noticed a collection item placed there by Stellar Recovery, Inc., related to an alleged T Mobile PCS Holdings LLC account.

13. Plaintiff did not believe he owed any money to T Mobile PCS Holdings LLC.

14. On or about April 16, 2012, promptly after learning of the Stellar Recovery "tradeline" on his credit report, plaintiff sent the letter attached as Exhibit A to Stellar Recovery, Inc., stating that he disputed the alleged debt and demanding its removal from his credit report.

15. Stellar Recovery, Inc., received <u>Exhibit A</u> on or about April 20, 2012.

16. On information and belief, based on normal credit reporting procedures, Stellar Recovery, Inc., made monthly electronic transmissions of its "tradelines" to the major credit bureaus.

17. On information and belief, Stellar Recovery, Inc., again transmitted its "tradeline" to Trans Union on or about August 29, 2012.

18. Plaintiff received a copy of this "tradeline" on or about September 23, 2012 (<u>Exhibit B</u>).

19. When Stellar Recovery, Inc., transmitted its "tradeline" to Trans Union on or about August 29, 2012, it did not state that plaintiff had disputed the debt, although plaintiff had done so in <u>Exhibit A</u>.

20. On information and belief, it is the policy and practice of defendant to not report to credit bureaus that debts are disputed, even though defendant has been notified by the consumer who is the subject of the report that the debt is disputed.

21. On or about December 26, 2012, Stellar Recovery, Inc., sent plaintiff the letter attached as <u>Exhibit C</u>.

22. <u>Exhibit C</u> is the first letter which plaintiff received from Stellar Recovery, Inc., directly (as opposed to communications through credit bureaus), concerning the debt described therein.

23. On information and belief, based on its contents, <u>Exhibit C</u> is a form letter used by Stellar Recovery, Inc., as the initial letter which it send to a putative debtor.

24. <u>Exhibit C</u> has form numbers and bar coded addresses and return addresses, all of which are indicative of a form letter.

25. <u>Exhibit C</u> is filled out in a standard manner by defendant, by inserting information into "fields" in the form letter.

26. <u>Exhibit C</u> fails to clearly disclose the current creditor or owner of the debt, in that:

3

(1)    It states at the top that the original creditor is T-Mobile PCS Holdings, LLC.

(2)    It states at the top that the "current creditor" is Stellar Recovery, Inc.

(3)    It states in the first line of text that "We [Stellar Recovery, Inc.] have been retained by the above-mentioned creditor to present this claim on their behalf." If "the above-mentioned creditor" means the current creditor, Stellar Recovery, Inc., the statement is nonsense – Stellar Recovery, Inc., has been retained by Stellar Recovery, Inc. If it means the original creditor, T-Mobile, then the "current creditor" is not Stellar Recovery, Inc.

(3)    Similarly, Exhibit C states in the second line of text that "We have been authorized by our client to offer a settlement . . . ." For the same reason as stated in c, this statement is nonsensical and inconsistent with the proposition that Stellar Recovery, Inc., is the "current creditor."

### COUNT I – FDCPA – CLASS CLAIM

27.    Plaintiff incorporates paragraphs 1-29.

28.    Exhibit C is confusing in violation of 15 U.S.C. §§ 1692e, 1692e(2) and 1692e(10), in that it contains inconsistent statements regarding who the current creditor is.

29.    Section 1692e provides:

> **§ 1692e.    False or misleading representations [Section 807 of P.L.]**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**
>
> **(2)    The false representation of--**
>
>     **(A)    the character, amount, or legal status of any debt; . . .**
>
> **(10)    The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

**CLASS ALLEGATIONS**

30. Pursuant to Fed. R. Civ. P. 23(a) and (b)(3), plaintiff brings this claim on behalf of a class.

31. The class consists of (a) all natural persons with Illinois, Indiana or Wisconsin addresses (b) to whom defendant sent a letter in the form represented by <u>Exhibit C</u>, (c) filled out with Stellar Recovery, Inc., as the current creditor (d) on or after a date one year prior to the filing of this action, and (e) on or before a date 20 days after the filing of this action.

32. The class members are so numerous that joinder is impracticable. On information and belief, there are more than 50 members of the class.

33. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether <u>Exhibit C</u> violates the FDCPA.

34. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

35. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

36. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible. Many debtors may not realize that their rights are violated.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class and against defendant for:

(1) Statutory damages;

(2) Attorney's fees, litigation expenses and costs of suit;

(3) Such other and further relief as the Court deems proper.

**COUNT II – FDCPA – CLASS CLAIM**

37. Plaintiff incorporates paragraphs 1-29.

38. Defendant violated 15 U.S.C. §1692e(8) by failing to report disputed debts as disputed to credit bureaus.

39. Section 1692e(8) makes unlawful "Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed."

## CLASS ALLEGATIONS

40. Pursuant to Fed. R. Civ. P. 23(a) and (b)(3), plaintiff brings this claim on behalf of a class.

41. The class consists of (a) all natural persons with Illinois, Indiana or Wisconsin addresses (b) from whom defendant received notice that a debt was disputed (c) but thereafter reported the debt to a credit bureau without identifying the debt as disputed, (d) where any such reporting occurred on or after a date one year prior to the filing of this action, and (e) on or before a date 20 days after the filing of this action.

42. The class members are so numerous that joinder is impracticable. On information and belief, there are more than 50 members of the class.

43. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether defendant's credit reporting practice violates the FDCPA.

44. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

45. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

46. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible. Many debtors may not realize that their rights are violated.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class and against defendant for:

    (1)    Statutory damages;

    (2)    Attorney's fees, litigation expenses and costs of suit;

    (3)    Such other and further relief as the Court deems proper.

s/Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Cassandra P. Miller
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)
courtecl@edcombs.com

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

s/Daniel A. Edelman<br>Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

## CERTIFICATE OF SERVICE

I, Daniel A. Edelman, hereby certify that on June 24, 2013, a true and accurate copy of the foregoing document was filed via the CM/ECF system, which sent notice via email to the following parties:

Clifford E. Yuknis
cyuknis@hinshawlaw.com

David M. Schultz
dschultz@hinshawlaw.com

s/Daniel A. Edelman<br>Daniel A. Edelman