IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID MOORE, on behalf of himself and others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | 13 C 2294 |
| v. | ) ) | Judge Virginia M. Kendall |
| STELLAR RECOVERY, INC., | ) ) | |
| Defendant. | ) ) ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff David Moore filed a putative class action complaint against Defendant Stellar Recovery, Inc. alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* Moore's two-count First Amended Complaint alleges that Stellar sent letters containing inconsistent statements regarding the current creditor (Count I) and that Stellar failed to report disputed debts to credit bureaus (Count II), both in violation of 15 U.S.C. § 1692e. Moore seeks to certify a class with respect to Count I consisting of "(a) all natural persons with Illinois, Indiana or Wisconsin addresses (b) to whom the defendant sent a letter in the form represented by Exhibit A [to Dkt. No. 55], (c) filled out with Stellar Recovery, Inc., as the current creditor (d) on or after March 27, 2012, and (e) on or before April 16, 2013." Stellar opposes Moore's renewed motion for class certification. For the reasons stated herein, this Court grants Moore's renewed motion for class certification.

**BACKGROUND**

This Court takes the following statements and allegations from the First Amended Complaint and from the briefs and exhibits submitted by the parties. Any findings made by this Court are for purposes of this motion. Stellar is in the business of collecting delinquent consumer debts. (Dkt. No. 31 at ¶ 7.) Stellar sent Moore a letter on December 26, 2012, identifying T-Mobile PCS Holdings LLC as the original creditor and Stellar Recovery, Inc. as the current creditor. (Dkt. No. 57-1, Ex. A.) The letter indicates that the "above-mentioned creditor" hired Stellar to present a claim on its behalf and offered to settle Moore's debt to that creditor. (Dkt. No. 57-1, Ex. A.) Through discovery, Moore learned that Stellar sent approximately 14,600 letters identifying Stellar as the current creditor to individuals in Illinois, Indiana, or Wisconsin between March 27, 2012, and April 16, 2013. (Dkt. No. 57 at 6.) Stellar does not dispute that it sent 14,617 such letters, but claims that Moore has not shown that any of the letters are actionable under the FDCPA. (*See*, *e.g.*, Dkt. No. 66 at 3-4.)

## **LEGAL STANDARD**

A district court has broad discretion in determining whether to certify an action as a class action. *Kress v. CCA of Tennessee, LLC*, 694 F.3d 890, 892 (7th Cir. 2012). There are four threshold requirements for class certification under Fed. R. Civ. P. 23(a): numerosity, commonality, typicality, and adequacy of representation. *Id.* at 892-93. In addition, provided the requirements of Rule 23(a) have been satisfied, an action may proceed as a class action if "the court finds that the questions of law or fact common to all class members predominate over questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). "Predominance is a question of efficiency." *Butler v. Sears, Roebuck and Co.*, 702 F.3d 359, 362 (7th Cir. 2012). In this regard, the common questions must be a significant aspect of the case that litigation as a class can resolve for all members of the class in one action. *Messner v. Northshore University HealthSystem*, 669 F.3d 802, 815 (7th Cir. 2012). Both determinations, that is, the determination under Rule 23(a) and Rule 23(b)(3), require a "rigorous analysis" by the district court that may extend beyond the pleadings to determine whether class certification is appropriate. *Comcast Corp. v. Behrend*, 133 S.Ct. 1426, 1432 (2012). The plaintiffs bear the burden of showing that class certification is warranted by a preponderance of evidence. *Messner*, 669 F.3d at 811.

## DISCUSSION

**A.     Rule 23(a)**

Numerosity requires that "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1); *Kress*, 694 F.3d at 892. Here, Moore claims that Stellar sent letters containing inconsistent statements regarding the current creditor to more than 14,000 individuals. Stellar did not challenge the number of letters sent in its opposition. Instead, Stellar questions whether Moore has shown that the letters sent by Stellar concerned a debt as defined by the FDCPA. But this inquiry is premature because the determination as to how many class members have a valid claim is one made after class certification. *Parko v. Shell Oil Co.*, 739 F.3d 1083, 1085 (7th Cir. 2014) ("The defendants are thus asking us to put the cart before the horse. How many (if any) of the class members have a valid claim is the issue to be determined *after* the class is certified.") A class of more than 14,000 members satisfies the numerosity requirement.

Commonality requires that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2); *Kress*, 694 F.3d at 892. "A common nucleus of operative fact is usually enough to satisfy the commonality requirement of Rule 23(a)(2)." *Keele v. Wexler*, 149 F.3d 589, 594 (7th Cir. 1998). Here, Moore claims that the common question as to all class members is whether the letters Stellar sent to more than 14,000 individuals violate the FDCPA. Such conduct—sending letters or documents to members of the proposed class—provides a common nucleus of operative fact. *See Keele*, 149 F.3d at 594 ("Common nuclei of fact are typically manifest where, like in the case *sub judice*, the defendants have engaged in standardized conduct towards members of the proposed class by mailing to them allegedly illegal form letters or documents.").

Typicality requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3); *Kress*, 694 F.3d at 892. The

FDCPA prohibits the use of any false representation or deceptive means to collect or attempt to collect a debt. 15 U.S.C. § 1692e(10). The FDCPA also requires a debt collector seeking to collect a debt from a consumer to provide the consumer with the name of the creditor to whom the debt is owed. 15 U.S.C. § 1692g(a)(2). Here, Moore claims that Stellar sent letters that violated the FDCPA because the letters contained false or misleading representations as to the identity of the creditor. Specifically, each letter to each member of the proposed class—including Moore—named Stellar Recovery, Inc. as the current creditor. This makes Moore's claim representative of the claims of the members of the proposed class.

Adequacy of representation requires that "the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a)(4); *Kress*, 694 F.3d at 892. District courts must consider whether the named plaintiff is an adequate representative of the members of the proposed class and whether counsel for the proposed class is adequate. *Gomez v. St. Vincent Health, Inc.*, 649 F.3d 583, 592 (7th Cir. 2011). Here, Moore claims that he is an adequate class representative because his claim as well as the relief he seeks is identical to that of the proposed class. Stellar's arguments to the contrary are unpersuasive. Moore's decision to forgo class certification with respect to Count II is not relevant to class certification with respect to Count I because Moore's individual claim, Count II, does not conflict with Count I. *See*, *e.g.*, *Retired Chicago Police Association v. City of Chicago*, 7 F.3d 584, 598 (7th Cir. 1993) ("Therefore, '[a] class is not fairly and adequately represented if class members have antagonistic or conflicting claims.' ") (quoting *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992). Nor is Moore's experience with lawsuits alleging violations of the FDCPA relevant. Any familiarity Moore may have with the FDCPA is irrelevant in view of the objective standard applied to claims brought under the FDCPA. *See Gruber v. Creditors' Protection Service, Inc.*

742 F.3d 271, 273 (7th Cir. 2014) (explaining objective "unsophisticated consumer" inquiry). And any experience Moore may have as a plaintiff in actions alleging violations of the FDCPA does not preclude Moore from representing the class in this action. *See Murray v. GMAC Mortgage Corp.*, 434 F.3d 948, 954 (7th Cir. 2006) (rejecting notion that "professional plaintiff" may not serve as class representative).

Moore also claims that he has retained experienced counsel who is well-qualified to handle this type of action. Because Stellar has not challenged whether counsel for the proposed class is adequate, and having no reason to question the competence of Moore's counsel, this Court accepts Moore's representation concerning his counsel's experience for purposes of Rules 23(a)(4) and 23(g). (*See* Dkt. No. 57-1, Ex. B.) That experience reflects experience in handling class actions concerning the FDCPA and indicates that counsel can fairly and adequately represent the interests of the class.

For these reasons, this Court finds that Moore has met his burden with respect to Rule 23(a).

**B.      Rule 23(b)(3)**

A district court must take a close look to determine whether common questions predominate over individual questions when determining whether to allow an action to proceed as a class action under Rule 23(b)(3). *Comcast*, 133 S.Ct. at 1432. "Predominance is a qualitative rather than quantitative concept" that "tests whether the proposed classes are sufficiently cohesive to warrant adjudication by representation." *Parko*, 739 F.3d at 1085 (quotation omitted). Rule 23(b)(3) identifies four factors relevant to any inquiry under the rule: whether class members have an interests in controlling the prosecution of their claims, whether other litigation involving the controversy is underway, whether it is desirable to concentrate the litigation of the claims in one particular forum, and whether there are any likely difficulties in managing the claims as a class action.

Here, the claims at issue concern whether the letters sent to more than 14,000 individuals identifying Stellar Recovery, Inc. as the current creditor violate the FDCPA. The FDCPA only applies if the defendant qualifies as a debt collector under the FDCPA and the defendant made the communication at issue in connection with the collection of a debt. *Gburek v. Litton Loan Servicing LP*, 614 F.3d 380, 384 (7th Cir. 2010). And to prove a violation of 15 U.S.C. § 1692(e) based on a false or misleading statement, one must show that the statement would mislead or deceive an unsophisticated consumer. *Ruth v. Triumph Partnerships*, 577 F.3d 790, 800 (7th Cir. 2009) ("If a statement would not mislead the unsophisticated consumer, it does not violate the FDCPA—even if it is false in some technical sense."). One must also show that the false or misleading statement was material. *Hahn v. Triumph Partnerships LLC*, 557 F.3d 755, 757 (7th Cir. 2009). Because each alleged violation of the FDCPA concerns the same alleged misidentification of Stellar Recovery, Inc. as the current creditor, and because there is likely to be common evidence concerning the objective inquiry as to whether the alleged misidentification

of the current creditor would have misled or deceived an unsophisticated consumer, this Court finds that common questions predominate over individual questions.

This Court also finds that a class action is superior to other methods of litigating the claims of each member of the proposed class. "A class action is the more efficient procedure for determining liability and damages in a case such as this, involving a defect that may have imposed costs on tens of thousands of consumers yet not a cost to any one of them large enough to justify the expense of an individual suit." *Butler*, 702 F.3d at 362. Here, Moore seeks statutory damages for himself and for the class. Given the allegations, there is no reason to believe that actual damages for individual members of the class would be sufficient to warrant an individual suit. The same is true for statutory damages, which may not exceed $1,000 under 15 U.S.C. § 1692k(a)(2)(A). Even though the statute provides for the recovery of attorney's fees, some class members may not be aware of their rights or willing to subject themselves to the burden of finding a lawyer and participating in a lawsuit. *See Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 334-45 (7th Cir. 1997) (discussing but not deciding de minimis bar in FDCPA action). Therefore, this Court finds that class members are not likely to have an interest in prosecuting their claims on their own.

This Court also finds that allowing this action to proceed as a class action aligns with the purpose of the class action, which is to provide an incentive to aggregate and pursue claims where there is little to no incentive to pursue claims individually, and the purpose of the FDCPA, which is to protect consumers from abusive practices by debt collectors. Specifically, this action may remedy past wrongs, to the extent any occurred, and deter future wrongs concerning FDCPA. Neither party has identified any ongoing litigation concerning these claims, which is not surprising considering this Court's preceding finding concerning the low likelihood of

individual class members prosecuting their claims individually. Although there is no indication from the pleadings that a particular forum is more desirable than other forums, judicial economy favors litigation in one forum. Finally, given the common issues discussed above, this Court does not anticipate any difficulties in managing this action as a class action.

## CONCLUSION

For these reasons, this Court grants Moore's renewed motion for class certification. This Court defines the class as: all natural persons with Illinois, Indiana or Wisconsin addresses to whom the defendant sent a letter in the form represented by Exhibit A to Dkt. No. 55, filled out with Stellar Recovery, Inc., as the current creditor on or after March 27, 2012, and on or before April 16, 2013. This Court appoints Moore's counsel as class counsel. The parties shall confer and submit their recommendation as to appropriate notice to class members under Rule 23(c)(2) within twenty-one days of this order.

_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: June 14, 2014