# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **DAVID MOORE,** ) | |
| **on behalf of himself and a class,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Case No. 13-CV-02294** |
| ) | |
| v. ) | **Judge Virginia M. Kendall** |
| ) | |
| **STELLAR RECOVERY, INC. and** ) | **Magistrate Judge Sidney I. Schenkier** |
| **DOES 1-10,** ) | |
| ) | |
| **Defendants.** ) | |

## JOINT MOTION FOR PRELIMINARY APPROVAL

Plaintiff, David Moore ("Plaintiff"), individually, and as representative of the class of persons defined below in Paragraph 3(a) ("Class"), and Defendant, Stellar Recovery, Inc. ("Stellar" or "Defendant"), request that this Court enter an order which (i) preliminarily approves the Class Settlement Agreement ("Agreement") attached as Exhibit 1; (ii) sets dates for Class members to submit claim forms, opt out or object, (iii) schedules a hearing for final approval of the Agreement; (iv) approves the mailing of notice to the Class in the form of Exhibit A to Exhibit 1, and (v) finds that the mailing of such notice satisfies due process. A copy of the proposed preliminary approval order is attached as Exhibit B to Exhibit 1.

1. Plaintiff filed a Complaint alleging that Defendant Stellar Recovery, Inc. designed, compiled, and furnished a form letter which was sent as the initial letter to putative debtors (the "Letter"). At the top, the Letter stated the name of the original creditor, and named Stellar Recovery, Inc. as the current creditor. The body of the Letter then stated "We have been retained by the above-mentioned creditor to present this claim on their behalf," and "We have been authorized by our client to offer a settlement…" Plaintiff's Amended Complaint alleges

that the Letter contains inconsistent statements regarding the identification of the current creditor (Count I).

2. Plaintiff further alleged, on an individual basis that Stellar Recovery failed to report his debt as disputed debts to credit bureaus after Plaintiff had disputed the debt (Count II).

3. Plaintiff alleges in both counts that Defendant violated the Fair Debt Collection Practices Act, ("FDCPA"), 15 U.S.C. §1692e, e(2), and e(10).

4. On June 14, 2014, this Court granted Plaintiff's motion for Class Certification. The Class is defined as:

(a) all natural persons with Illinois, Indiana, or Wisconsin addresses; (b) to whom Defendant sent a Letter in the form represented by Exhibit C to Plaintiff's Complaint; (c) fille out with Stellar Recovery, Inc., as the current creditor; (d) on or after March 27, 2012 (one year prior to the filing of this action) and on or before April 16, 2013 (20 days after the filing of this action).

5. After arms-length discussion, the parties reached a settlement to resolve Plaintiff's and the Class claims, as set forth in the Agreement (Exhibit 1). Defendants have denied and continue to deny liability to Plaintiff and the Class for the claims alleged.

6. Counsel for the parties have analyzed the legal and factual issues presented in this action, the risks and expense involved in pursuing the Litigation to conclusion, the likelihood of recovering damages in excess of those obtained through this settlement, the protracted nature of the litigation and the likelihood, costs, and possible outcomes of one or more procedural and substantive appeals. Based upon counsels' review and analysis, the parties have entered into the Agreement to the Litigation.

7. The parties desire to settle and compromise the Litigation on the terms and conditions embodied in the Agreement and agree as follows:

130890182v1 0957518

    a. <u>Relief to Plaintiff</u>.  Defendant agrees to pay $4,500.00 to Plaintiff as damages, for his (1) statutory and actual damages for his individual (non-Class) claims, (2) Class claims, and (3) as an incentive award for bringing the claims on behalf of the Class.

    b. <u>Class Recovery</u>.  Defendant agrees to pay $20,000 to the Class fund, which shall be distributed pro rata to all Class Members who timely and properly completes and submits a claim form. . Participating Class Members will receive a *pro rata* share of the Class Fund by check.  Checks issued to Participating Class Members will be void after 90 days "Void Date"

    c. <u>Cy Pres</u>.  If any of the settlement checks to the Settlement Class are not cashed within 30 days of the Void Date, said funds (after deduction of any stop payment charges on the uncashed checks) shall be donated to the Chicago Law and Education Foundation as a *cy pres* award, within 30 (thirty) days following the last void date of the settlement checks.

    d. <u>Attorneys' Fees and Costs</u>.  Counsel for Plaintiff and the Settlement Class shall Petition the Court at the Final Approval Hearing for its reasonable attorneys' fees and costs incurred to date with respect to the Litigation and this Settlement, to which Petition Defendant may Respond.  As of the date of this Agreement, Class Counsel alleges that the total fees and costs are in excess of $65, 000.00.

    e. <u>Class Notice</u>.  Within 30 days of entry of the Preliminary Approval Order, Defendant shall cause actual notice, in the form of Exhibit A to the Agreement, to be mailed to the last known addresses of the members of the Class, according to Defendant's records.  Each notice shall be sent with a request for forwarding addresses.  In the event that a notice is returned as undeliverable and a forwarding address is provided, the Class Administrator shall cause any such returned notice to be forwarded to the address provided within five business days of receipt.  If final approval is granted, the parties shall retain the class list and a list of class members who opted in or excluded themselves for six months thereafter, and may destroy them after that period.

    f. <u>Class Members' Right to Opt Out</u>.  Any Class Member may seek to be excluded from the Agreement by opting out within the time period set by this Court.  Any Class Member who opts out of the Class and Agreement shall not be bound by any prior Court order or the terms of the Agreement and shall not be entitled to any of the monetary benefits set forth in the Agreement.

  8. The maximum statutory damages recoverable by the Class against Defendants under the FDCPA is the lesser of 1% of Defendants' net worth or $500,000 per debt collector. The Class consists of about 14,617 people.  The net worth of Defendant is approximately $2 million.  The maximum amount of statutory damages that could be recovered by the Class is 1%

of defendants' net worth which is $20,000.00. Based upon the financial information that Defendant provided to Class Counsel and the nature of the claims alleged, they believe that the Agreement is fair and reasonable, would be in the best interest of the Class members, and should be approved by the Court. The total recovery to the class, is approximately $20,000, which approximates the total maximum recovery to the Class under the caps imposed by the FDCPA, and which the parties believe is a reasonable compromise.

9. If this Agreement is not approved by the Court or for any reason does not become effective, it shall be deemed null and void and shall be without prejudice to the rights of the parties hereto and shall not be used in any subsequent proceedings, in this or any other litigation, or in any manner whatsoever.

10. Plaintiff and Defendants request that the Court set the following schedule for the proposed Agreement:

    a. Class Notice (Exhibit A to Exhibit 1) is to be mailed within 30 days of entry of the Preliminary Approval Order;

    b. Class members shall have until 45 days after the initial mailing of the notice to submit a claim form, exclude themselves or object to the proposed settlement. Any class members desiring to exclude themselves from the action must serve copies of the request on counsel for both Plaintiff and Defendants by that date. Any class members who wish to object to the settlement must submit an objection in writing to the Clerk of the United States District Court for the Northern District of Illinois, and serve copies of the objection on counsel for both Plaintiff and Defendants by that date. Any objection must include the name and number of the case and a statement of the reason why the objector believes that the Court should find that proposed settlement is not in the best interests of the Class. Objectors who have filed written objections to the settlement must also appear at the hearing and be heard on the fairness of the settlement. The request for exclusion or objection must be postmarked by a date 45 days after the initial mailing of the class notice.

    c. A final hearing on the fairness and reasonableness of the Agreement and whether the final approval shall be given to it and the requests for fees and expenses by counsel for the Class will be held before this Court on a date at least ninety (90) days from the entry of the preliminary approval order.

130890182v1 0957518

11. In the event that there is any conflict between any provision of this Motion and the Settlement Agreement between the parties, the parties intend for the Agreement to control, subject to Court approval.

WHEREFORE, the parties respectfully request that the Court enter an order in the form of Exhibit B to the Agreement, which (i) grants preliminary approval of the proposed settlement, (ii) approves and directs the mailing of the notice, in the form of Exhibit A to the Agreement and finds that the mailing of such notice satisfies the requirements of due process, (iii) sets dates for Class members to submit claim forms, opt-out, object, or return a claim form; and (iv) schedules a hearing for final approval under FED. R. CIV. P. 23(c)(2).

Respectfully submitted,

| | |
|---|---|
| */s/ Cassamdra P. Miller* | */s/ Benjamin N. Hutnick* |
| One of the attorneys for David Moore | One of the attorneys for Stellar Recovery, Inc. |
| | |
| Daniel A. Edelman | Benjamin N. Hutnick |
| Cathleen M. Combs | Berman & Rabin, P.A. |
| James O. Latturner | 15280 Metcalf |
| Cassandra P. Miller | Overland Park, KS 66223 |
| Edelman, Combs, Latturner & Goodwin, LLC | Telephone: 913-649-1555 |
| 20 South Clark Street, Suite 1500 | Facsimile: 913-652-9474 |
| Chicago, IL 60603 | bhutnick@bermanrabin.com |
| Telephone: 312-739-4200 | |
| Facsimile: (312) 419-0379 | |
| dedelman@edcombs.com | |
| cmiller@edcombs.com | |

130890182v1 0957518

## CERTIFICATE OF SERVICE

I hereby certify that on **January 5, 2015**, I electronically filed the above and foregoing **Joint Motion for Preliminary Approval** with the Clerk of the U.S. District Court, using the CM/ECF system reflecting service to be served on the parties:

David M. Schultz (dschultz@hinshawlaw.com)
Katherine H. Tresley (ktresley@hinshaw.com)
Benjamin H. Hutnik (BHutnick@bermanrabin.com)

                                       s/ Cassandra P. Miller
                                       Cassandra P. Milller

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Cassandra P. Miller
Edelman, Combs, Latturner & Goodwin, LLC
20 South Clark Street, Suite 1500
Chicago, IL  60603
Telephone: 312-739-4200
Facsimile: (312) 419-0379
dedelman@edcombs.com
cmiller@edcombs.com

130825353v1 0957518

130890182v1 0957518